

**FILED**

**NOV 18 2004**

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONDAL PASS,

        Plaintiff,

v.

MICHIGAN DEPT. OF
CORRECTIONS, et al.,

        Defendants.
_____/

CIVIL ACTION NO. 02 CV 70524 DT

DISTRICT JUDGE DENISE PAGE HOOD

MAGISTRATE JUDGE VIRGINIA M. MORGAN

## REPORT AND RECOMMENDATION

### I. Introduction:

This prisoner civil rights case comes before the court on Defendant's Motion to Tax Costs. For the reasons stated below, the court recommends that the motion be **DENIED**.[1]

### II. Background:

On February 8, 2002, plaintiff, who is an inmate in the custody of the Michigan Department of Corrections (MDOC), filed a 42 U.S.C. § 1983 action against the MDOC and certain MDOC employees alleging violations of his constitutional rights based upon defendants' failure to protect him from a December 30, 1999 assault perpetrated upon him by his cell mate.

---

[1] Judge Hood referred this motion to the court pursuant to 28 U.S.C. § 636(b)(1)(A) for hearing and determination. However, the motion is not a "pretrial matter" within the meaning of § 636(b)(1)(A) and, therefore, the court's authority is limited to the issuance of a report and recommendation.

Plaintiff, who suffered serious injuries in the assault, claimed that his cell mate had a history of assaulting other inmates, that his cell mate's history was well-known to defendants, and that defendants, with deliberate indifference to his safety, ignored his pre-assault pleas to be moved to another cell.

Judge Hood referred the matter to this court for all pre-trial proceedings. Defendants moved for dismissal on the ground that plaintiff failed to satisfy the exhaustion requirement of 42 U.S.C. § 1997e(a). The court recommended that the motion be denied, and Judge Hood issued an order adopting the court's Report and Recommendation. The court subsequently recommended that defendants' motion for summary judgment be granted. Judge Hood accepted the recommendation and entered a judgment in favor of defendants.

Defendants have filed a motion to tax costs against plaintiff in the amount of $474.25 pursuant to Fed. R. Civ. P. 54(d)(1), 28 U.S.C. § 1920, and 28 U.S.C. § 1923(a). They seek to recover $454.25 for the transcripts of the depositions taken of plaintiff and various MDOC employees. Further, defendants seek a fee of "$20 on trial or final hearing" pursuant to 28 U.S.C. § 1923(a). Plaintiff contends that costs should not be taxed against him because he is presently indigent and will not have the means to pay an award of costs at any time in the near future.

### III. Discussion:

Under Fed. R. Civ. P. 54(d)(1), costs other than attorney fees are to be allowed as a matter of course to a prevailing party in a civil matter, "unless the court otherwise directs." 28 U.S.C. § 1920 sets forth the costs that may be taxed. It states, in part, that a "judge or clerk of any court of

the United States may tax as costs...[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Further, 28 U.S.C. § 1923(a), states, in part, that "[a]ttorney's and proctor's docket fees in courts of the United States may be taxed as costs as follows: $20 on trial or final hearing...in civil, criminal, or admiralty cases."

In <u>Singleton v. Smith</u>, 241 F.3d 534, 539 (6th Cir. 2001)(citations and quotations omitted), the Sixth Circuit discussed the issue of taxation of costs under Rule 54(d):

> Fed. R. Civ. P. 54(d) provides that costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs. We have held that this language creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court. We have identified several factors a losing party may put forward that may be sufficient to justify a district court in overcoming the presumption in favor of a cost award, including the losing party's good faith, the difficulty of the case, the winning party's behavior, and the necessity of the costs. Although the ability of the winning party to pay his own costs is irrelevant, another factor weighing in favor of denying costs is the indigency of the losing party. Although certain aspects of *Weaver v. Toombs*, 948 F.2d 1004, 1014 (6th Cir. 1991), have been superseded pursuant to the PLRA ...., we have supported its rule that in forma pauperis status will not by itself provide an automatic basis for denying taxation of costs against an unsuccessful litigant.

As noted above, plaintiff claims that he cannot, and should not be required to, pay any litigation costs because he is indigent. Defendants have not contested plaintiff's claim that he is indigent, and plaintiff's claim is supported by the fact that he was granted leave to proceed *in forma pauperis* in this matter. Accordingly, the court finds that plaintiff is indigent and,

therefore, that he does not have the present ability to pay the requested litigation costs. Plaintiff's indigency weighs against granting defendants' request for costs.

In addition to the above, while plaintiff's complaint was ultimately dismissed on defendants' motion for summary judgment, his claims were not frivolous. Unlike many prisoner cases which come before the court, plaintiff's case involved a circumstance that clearly warranted judicial attention. Plaintiff sustained serious injuries at the hands of a prisoner whose reputation for violence was well-known to defendants, and they allegedly could have prevented the assault if they had simply heeded plaintiff's warnings regarding the prisoner's threatening behavior. Based thereon, the court finds that plaintiff had a good faith basis for bringing this cause of action. This factor also weighs against the granting of defendant's request. The court otherwise finds that neither plaintiff's nor defendants' behavior weighs in favor of or against an award of costs.

## IV. Conclusion

For the reasons stated above, the court recommends that Defendant's Motion to Tax Costs be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues,

but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

VIRGINIA M. MORGAN
UNITED STATES MAGISTRATE JUDGE

Dated: NOV 18 2004