UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHER DIVISION

**RONDAL PASS,**

    **Plaintiff,**

                                             Case No: 02-CV-70524
                                             Honorable Denise Page Hood

**v.**

**WARDEN DENNIS STRAUB,**
**MICHIGAN DEPARTMENT OF**
**CORRECTIONS, ARUS LOCKHART,**
**and CORRECTIONS OFFICER SMITH,**

    **Defendants.**

---

**MEMORANDUM OPINION & ORDER ADOPTING
MAGISTRATE JUDGE VIRGINIA MORGAN'S
REPORT & RECOMMENDATION
DATED NOVEMBER 18, 2004**

**I. INTRODUCTION**

    This matter is before the Court on Magistrate Judge Virginia M. Morgan's Report and Recommendation dated November 18, 2004. No objections to the Magistrate Judge's Report and Recommendation were filed by either party.

    For the reasons stated below, the Court ACCEPTS Magistrate Judge Morgan's Report and Recommendation. Accordingly, this Court ADOPTS Magistrate Judge Morgan's recommendation and DENIES Defendants' Motion to Tax Costs.

**II. STANDARD OF REVIEW**

    The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636 (b)(1)(C).

In order to have preserved his right to appeal the Magistrate Judge's recommendation, Plaintiff was obligated to file objections to the Report and Recommendation within ten days of service of a copy, as provided for in 28 U.S.C. § 636 (b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections may constitute a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**III. APPLICABLE LAW & ANALYSIS**

Rule 54 of the Federal Rules of Civil Procedure allows the prevailing party in a civil matter to recover costs other than attorney fees as a matter of course, "unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). The rule "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial judge." *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001). Certain factors that may justify a court in overcoming this presumption are (1) the losing party's good faith, (2) the difficulty of the case, (3) the winning party's behavior, (4) necessity of the costs, and (5) indigency of the losing party. *Id.* However, indigency of the losing party will not automatically preclude taxation of costs. *Id.*

The Magistrate Judge's recommendation to deny Defendants' Motion to Tax Costs was correct for the reasons stated in the Report and Recommendation. The indigency of the Plaintiff and the good faith effort on his part to bring a non-frivolous suit merit the denial of Defendants' Motion.

**IV. CONCLUSION**

For the reasons stated above, the Court accepts and adopts the Magistrate's Report and Recommendation, and denies Defendants' Motion to Tax Costs.

Accordingly,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation **[Docket No. 93]**,

dated November 18, 2004, is ACCEPTED and ADOPTED by this Court as its findings and conclusions of law.

IT IS FURTHER ORDERED that Defendants' Motion to Tax Costs **[Docket No. 44, filed October 21, 2004]** is DENIED.

s/ DENISE PAGE HOOD
DENISE PAGE HOOD
United States District Judge

DATED:  July 7, 2005